NOT DESIGNATED FOR PUBLICATION

No. 129,243

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RONALD ALMON WIELAND JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Jackson District Court; NORBERT C. MAREK JR., judge. Submitted without oral argument. Opinion filed July 31, 2026. Reversed and remanded with directions.

*Merideth J. Hogan*, of Kansas Appellate Defender Office, for appellant.

*Miranda R. Neal*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before ARNOLD-BURGER, P.J., MALONE and PICKERING, JJ.

PER CURIAM:  Ronald Almon Wieland Jr. appeals the district court's judgment denying his presentence motion to withdraw his guilty plea to one count of felony interference with law enforcement. Wieland claims the district court abused its discretion in denying the motion for several reasons, including his argument that the district court failed to obtain a factual basis supporting the plea. As the State concedes, the district court failed to comply with K.S.A. 22-3210(a)(4) because it never heard a factual basis supporting the plea. Because the State fails to show the error was harmless, we reverse the district court's judgment and remand for further proceedings.

1

FACTUAL AND PROCEDURAL BACKGROUND

On July 27, 2022, the State charged Wieland with one count each of possession of methamphetamine, interference with law enforcement, attempted non-residential burglary, attempted theft, possession of marijuana, possession of drug paraphernalia, and criminal trespass. The charges stemmed from allegations in the arrest warrant that Wieland and another person had been caught burglarizing a junk yard. Wieland waived a preliminary hearing and was bound over for trial on the charges. The parties eventually entered into a plea agreement in which Wieland agreed to plead guilty to one count of interference with law enforcement in exchange for the State dismissing the other counts and a charge in a separate case. The plea agreement was not reduced to writing.

On May 15, 2024, Wieland appeared in district court by Zoom and affirmed he wanted to plead guilty to one count of interference with law enforcement. The district court explained to Wieland that interference with law enforcement was a level 9 felony, with a sentencing range of 5 to 17 months in prison that could be presumptive probation depending on Wieland's criminal history score. The district court, without asking Wieland or the State to recite a factual basis supporting the plea, accepted Wieland's guilty plea. The district court dismissed the remaining counts and the charge in the separate case consistent with the plea agreement.

The district court scheduled a sentencing hearing in August 2024, where Wieland told the court he wanted to withdraw his plea and have new counsel appointed. Wieland claimed his plea counsel "misrepresented" him about the case and alluded to confusion about his plea caused by his cancer medication. The district court continued the hearing so Wieland's plea counsel could move to withdraw the plea. Wieland later moved through his plea counsel to withdraw his plea on the grounds that he "was on a number of medications associated with his cancer diagnosis that caused the defendant confusion

2

when entering his plea" and that he believed "his counsel did not adequately represent him in this matter and therefore his plea was not knowingly and understandingly made."

The district court held a hearing in April 2025, where Wieland appeared with newly appointed counsel. Wieland testified on his own behalf that he had "terminal stage 4 cancer" for which he took several medications. Wieland testified that he told his plea counsel, Andrew Delaney, that he would not accept a plea for a felony. Wieland asserted that Delaney told him he was pleading guilty to a misdemeanor, so he felt like Delaney misled him. Wieland did not feel like he understood the plea when he entered it. He described the plea hearing by Zoom and stated he did not remember the call, he was in bed on medication at the time, and "then it was all downhill from there." At the close of Wieland's testimony, his new counsel also requested that the plea be withdrawn on the grounds that the district court did not hear a factual basis supporting the plea.

The State called Delaney, who testified that he met and spoke with Wieland about the charges against him, his potential defenses, the plea offer, possible sentences, and the facts of the case. Delaney never told Wieland that he would receive probation based on the plea agreement, nor did he make any other promises. Delaney stated he would not have let Wieland enter the plea if he did not believe that Wieland understood what was going on. Wieland told Delaney that he was on several medications, but Delaney had no concerns about Wieland's competency based on their conversations.

After hearing the evidence, the district court found that while it did not inquire as to a factual basis supporting the plea, "the Court was completely familiar with the facts having read them a number of times because Mr. Wieland appeared more than once and had multiple cases." The district Judge found from its frequent interactions with Wieland that he was articulate and could describe his situation, "So I have every reason to believe that he fully understood everything that I explained to him, and his answers in the transcript in the plea hearing are there." On the factors enumerated in *State v. Edgar*, 281

3

Kan. 30, 36, 127 P.3d 986 (2006), the district court found that Wieland was represented by competent counsel, that he was not misled, coerced, or mistreated, and "[i]f anything, he got in [*sic*] excellent deal, a fair deal. And based on the plea hearing and other hearings, the Court believes this [plea] was fairly and understandingly made." As a result, the district court denied Wieland's motion to withdraw his plea.

On June 13, 2025, the district court sentenced Wieland to 16 months in prison with 12 months' postrelease supervision and imposed $2,760 in restitution. Wieland timely appealed the district court's judgment and adverse rulings.

ANALYSIS

Wieland's sole claim on appeal is that the district court erred in denying his motion to withdraw his plea. He asserts there was no discussion of the factual basis for the plea. Wieland also argues that he did not fairly and understandingly enter the plea because of his cancer medications. The State acknowledges the district court failed to obtain a factual basis for the plea but "maintains that the error was harmless because the record shows that Wieland understood the consequences of his plea and entered it voluntarily."

A plea of guilty or no contest, for good cause shown, may be withdrawn at any time before sentence is adjudged. K.S.A. 22-3210(d)(1). Appellate courts review a district court's decision to deny a motion to withdraw a guilty or no contest plea for an abuse of discretion. See *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Younger*, 320 Kan. 98, 137-38, 564 P.3d 744 (2025). In exercising its discretion, the district court should evaluate whether (1) the defendant was represented by competent counsel, (2) the defendant was misled, coerced, mistreated, or unfairly taken advantage of, and (3) the plea was fairly and understandingly made. *Edgar*, 281 Kan. at 36.

4

Wieland first argues that the district court did not obtain a factual basis supporting the plea at the plea hearing. Under K.S.A. 22-3210(a)(4), a plea of guilty or no contest may be accepted when "the court is satisfied that there is a factual basis for the plea."

"The requirement of a factual basis for a plea may be satisfied by a complaint or information given or read to the defendant which sets forth the factual details and essential elements of the particular crime charged, by the evidence presented to the court by the prosecutor, by a statement of the facts made by the defendant at the hearing, or if the judge accepting the defendant's plea conducted the defendant's preliminary examination." *State v. Shaw*, 259 Kan. 3, 10-11, 910 P.2d 809 (1996).

Wieland waived his right to a preliminary hearing. The record does not show that the prosecutor ever presented evidence to the court on a factual basis, nor did Wieland give a statement of facts. The complaint charging Wieland with interference with law enforcement in violation of K.S.A. 21-5904 was essentially drawn on the language of the statute. And to the extent that the complaint included any factual basis, the record does not reflect that Wieland was ever furnished a copy of it or had it read to him. Thus, the district court failed to meet the factual basis requirement in K.S.A. 22-3210(a)(4).

Wieland acknowledges that the district court's failure to strictly comply with K.S.A. 22-3210 may be harmless error where the entire record shows the plea was knowingly and voluntarily made and otherwise made in compliance with the statute. *Shaw*, 259 Kan. 3, Syl. ¶ 5. The State concedes the district court failed to comply with K.S.A. 22-3210(a)(4) but argues that the record shows the plea was knowingly and voluntarily made so the error is harmless.

In *State v. Ward*, 292 Kan. 541, 565, 256 P.3d 801 (2011), the Kansas Supreme Court held that to find an error harmless under K.S.A. 60-261, K.S.A. 60-2105, and the United States Constitution, a Kansas court must be able to declare the error "did not affect a party's substantial rights, meaning it will not or did not affect the trial's outcome."

5

When applying the harmless error test to an error that implicates a statutory right, not a federal constitutional right, the party benefiting from the error must persuade the court that there is a reasonable probability that the error will not or did not affect the outcome in light of the entire record. *State v. Campbell*, 317 Kan. 511, 518, 532 P.3d 425 (2023).

Our court provided a starting point in deciding whether the district court's failure to comply with K.S.A. 22-3210(a)(4) can be considered harmless in *State v. Snyder*, 10 Kan. App. 2d 450, 453-57, 701 P.2d 969 (1985). There, at the plea hearing, both parties stipulated through counsel that a factual basis supporting the plea existed, but the district court made no inquiry to set forth the facts on the record. After the district court denied a motion to withdraw plea, this court considered the means through which a factual basis may be established and found that none applied. 10 Kan. App. 2d at 455-56. This court then reasoned that the error could be harmless if the purpose of the rule is satisfied, but "the purpose of the rule is defeated in the present case where no evidence reveals that defendant's conduct falls within the charge to which he pleaded." 10 Kan. App. 2d at 457.

The Supreme Court continued the *Snyder* analysis in *State v. Ebaben*, 294 Kan. 807, 816-17, 281 P.3d 129 (2012). In *Ebaben*, the district court heard no factual basis through a preliminary examination, statement from the prosecutor, a factually detailed charging document, or the recitation of facts at a plea hearing. As a result, our Supreme Court found that the district court failed to comply with K.S.A. 22-3210(a)(4). 294 Kan. at 815-16. Turning to harmlessness, the *Ebaben* court acknowledged that the failure to comply with K.S.A. 22-3210(a) could be harmless if the record shows the plea was knowingly and voluntarily made, but it agreed with the *Snyder* decision that the purpose of ensuring that a plea is knowingly and voluntarily entered is defeated if the district court is presented with no evidence to establish the defendant's conduct falls within the elements of the charged crime. *Ebaben*, 294 Kan. at 816. The court found:

"In Ebaben's case, the record does not demonstrate that the plea was knowingly and voluntarily made because there was no statement of the evidence presented to the district court showing the defendant's conduct fell within the charge to which the defendant pleaded. As to this point, we agree with the Court of Appeals' rationale in *Snyder*, 10 Kan. App. 2d at 456-57. K.S.A. 22-3210(a)(4)'s purpose of ensuring that a plea is knowingly and voluntarily entered is defeated if the district court is presented with no evidence to establish the defendant's conduct falls within the elements of the charged crime." *Ebaben*, 294 Kan. at 816.

We have found only one case where the district court's failure to comply with K.S.A. 22-3210(a)(4) in accepting a plea was found to be harmless error. In *State v. Enloe*, No. 112,626, 2016 WL 197802, at *5 (Kan. App. 2016) (unpublished opinion), this court found a district court's error in failing to obtain a factual basis for a plea was harmless where the complaint and written plea agreement included all the specific facts that supported the plea. Our court found the record contained an affirmative showing of the specific facts establishing each element of the charged crime. 2016 WL 197802, at *5. As a result, consistent with the analysis in *Ebaben*, this court found the district court's failure to comply with K.S.A. 22-3210(a)(4) was harmless. 2016 WL 197802, at *5. But the record here contains no written plea agreement, transcript, or other document establishing facts supporting the elements of the crime.

This court recently reversed and remanded a case for a new plea hearing under similar circumstances in *State v. Britt*, No. 127,631, 2025 WL 2682244, at *5-6 (Kan. App. 2025) (unpublished opinion), *rev. denied* 321 Kan. 790 (2026). There, the State at the plea hearing proffered that Britt stole a truck worth "'tens of thousands of dollars,'" which this court deemed insufficient as a factual basis under K.S.A. 22-3210(a)(4) to support the essential element that the truck's value was over $25,000. 2025 WL 268224, at *1, 5-6. This court found reversible error and concluded with a citation to *Ebaben* that, "[i]f a district court fails to fulfill its duty under K.S.A. 22-3210(a)(4), as a matter of law

7

the district court then has no basis to find a plea was fairly and understandingly made, and accordingly, abuses its discretion." 2025 WL 268244, at *5.

To sum up the caselaw on this point, a district court's error in failing to obtain a factual basis for a plea as required by K.S.A. 22-3210(a)(4) can be harmless if the record shows the plea was otherwise knowingly and voluntarily made. But to show that the plea was knowingly and voluntarily made, there must be some evidence in the record to establish that the defendant's conduct falls within the elements of the charged crime. *Ebaben*, 294 Kan. at 816; *Snyder*, 10 Kan. App. 2d at 457.

Returning to our record, the district court found that a sufficient factual basis existed because "the Court was completely familiar with the facts having read them a number of times because Mr. Wieland appeared more than once and had multiple cases." The district court's familiarity with the case through reading unspecified sources off the record or from other cases does not satisfy one of the ways to establish a factual basis, nor does it amount to any kind of showing on the record that sufficient facts support each element of the interference with law enforcement count. Put another way, the district court abused its discretion in denying the motion to withdraw plea in that it relied on a mistake of law as to what could establish a factual basis for the plea. Nothing in the record shows the error was harmless consistent with the analysis in *Ebaben* and *Snyder*.

Wieland also argues that he did not understand he was pleading guilty to a felony because of his cancer medications. That claim was rejected by the district court, and we do not reweigh the evidence supporting that finding. But this finding does not establish harmless error on the district court's failure to obtain a factual basis for the plea as required by K.S.A. 22-3210(a)(4). Thus, like in *Ebaben*, we conclude the district court's error in failing to adhere to K.S.A. 22-3210(a)(4) was not harmless where "the record does not demonstrate that the plea was knowingly and voluntarily made because there

8

was no statement of the evidence presented to the district court showing the defendant's conduct fell within the charge to which the defendant pleaded." *Ebaben*, 294 Kan. at 816.

For these reasons, we reverse the district court's judgment denying Wieland's presentence motion to withdraw his guilty plea to one count of felony interference with law enforcement. As a result of this ruling, the plea agreement between the parties is set aside and all dismissed charges against Wieland are reinstated. The case is remanded to the district court for further proceedings consistent with this opinion.

Reversed and remanded with directions.